**UNITED STATES**

v.

**Donald C. ROBIDEAU, 053 52 7507, Interior Communications Electrician Third Class (E–4), U.S. Navy.**

**NMCM 82 5747.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 19 July 1982.

Decided 23 May 1983.

LCDR Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LT Stephen R. Cochell, JAGC, USNR, Appellate Defense Counsel.

LCDR R. Clayton Seaman, Jr., JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, JJ.

GLADIS, Senior Judge:

The accused contends, among other things, that the military judge's questioning of him impermissibly exceeded the scope of his testimony in mitigation on direct examination. We agree.

The accused testified in mitigation concerning his service on a prior enlistment in the Marine Corps. The military judge questioned him on his intentions with respect to future service in the Navy, his reasons for committing the offenses of which he was convicted, and evidence introduced by trial counsel in aggravation of one of the offenses. The judge elicited a request for a bad-conduct discharge, which the accused later retracted.

*Manual for Courts-Martial, 1969 (Rev.) (MCM),* paragraph 75c, Change 5, provides:

> (2) Statement by the accused. (a) Generally. The accused may testify, make an unsworn statement, or both in extenuation, in mitigation, or to rebut matters presented by the prosecution, or for all

three purposes whether or not the accused testified prior to findings. Such statement may be limited to any one or more of the specifications of which the accused has been found guilty. This provision does not permit the filing of an affidavit of the accused.

(b) Testimony of the accused. The accused may give sworn oral testimony under this paragraph and shall be subject to cross-examination concerning it by the trial counsel or examination on it by the court, or both.

The foregoing provisions of the Manual permit an accused who chooses to testify at the sentencing hearing to avoid examination on offenses and matters that he does not raise in his direct testimony even though such matters may be relevant to sentence appropriateness. Obviously the circumstances surrounding an offense of which the accused has been convicted, but does not testify about, are relevant to sentence appropriateness. See MCM, paragraph 75b(4) permitting evidence of these circumstances to be introduced in aggravation. The accused's attitude towards the future is certainly relevant too. If, however, he does not raise it in his direct testimony, he may not be cross-examined on it according to the current Manual rule. The rule is too restrictive. If an accused's testimony is relevant to sentence appropriateness, he should be subject to examination about any matter relating to sentence appropriateness. Professor Wigmore in advocating a rule permitting cross-examination of an accused who testifies on the merits on all relevant issues notes that any voluntary disclosure by the accused distorts the probative picture. 8 J. WIGMORE, EVIDENCE section 2276 (McNaughton rev.1961). A less restrictive rule is even more desirable when the accused testifies at a sentencing hearing. He has the option of presenting his position in an unsworn statement upon which he is not subject to cross-examination. Testimony under oath which is not subject to cross-examination of broad scope is likely to distort the picture.

Prior to the amendment of MCM, paragraph 75c by Change 5, an accused who testified at the sentence hearing could not avoid examination on offenses and matters that he did not raise in his direct testimony if such matters were relevant to sentence appropriateness. Nothing in the Military Rules of Evidence (MRE) abrogated the rule in MCM, paragraph 149b(1) that so far as the latitude of cross-examination is discretionary with the military judge, a greater latitude may be allowed in cross-examination of the accused than in that of other witnesses. MRE 611(b), which provides that cross-examination should be limited to the subject matter of the direct examination and matters affecting credibility of witnesses, but that the military judge may, in the exercise of discretion permit inquiry into additional matters, is not inconsistent with broad latitude in the examination of the accused. MRE 301(e) states that when an accused testifies voluntarily as a witness, he thereby waives the privilege against self-incrimination with respect to the matters concerning which he testifies. MRE 301(e) restates in essence, although in slightly different language, the MCM, paragraph 149b(1) rule that when an accused voluntarily testifies concerning the issue of his guilt or innocence of an offense for which he is being tried, as when he voluntarily testifies in explanation or denial of such an offense, he cannot upon cross-examination as to matters relevant to that issue, justify a refusal to answer on the ground that his answers might tend to incriminate him. See Analysis of MRE 301(e), MCM, A18–11. The MCM rule retained in essence, although again in slightly different language, the rule found in paragraph 149b(1) of the Manual for Courts-Martial, 1951, that when an accused voluntarily testifies about an offense for which he is being tried, he thereby, with respect to cross-examination concerning that offense, waives the privilege against self-incrimination, and any matter relevant to the issue of his guilt or innocence of such offense is properly the subject of cross-examination. See Analysis of Contents, MCM, 1969 (Rev. ed.), DA PAM 27–2, p. 27–33 (July 1970).

MRE 301(e) limits the scope of cross-examination of an accused who testifies on the merits of an offense to the offense about which he has testified. Otherwise this rule permits a wide latitude in the cross-examination of an accused. Since the rule is broad enough to permit an accused who testifies on the merits about an offense to be cross-examined about any matter relevant to the guilt or innocence of that offense, we believe it is broad enough to permit an accused who testifies on an issue relevant to sentence appropriateness to be cross-examined about any matter relevant to sentence appropriateness.[1]

Although the drafters of Change 5 to the Manual may not have realized it, by the specific language of the amendment to MCM, paragraph 75c, they narrowed the broad scope of examination of an accused who testifies on sentence previously permitted by MRE 301(e) and its predecessor, MCM, paragraph 149b(1). We are constrained to apply the new rule. See Article 36, UCMJ, 10 U.S.C. § 836.

The judge's questioning of the accused in the case before us exceeded the scope of examination now permitted by paragraph 75c of the Manual. We cannot say that the judge would have imposed a bad-conduct discharge in the absence of the responses he elicited by his improper questions. Therefore, remedial action is required.

The remaining assignments of error are without merit.

Accordingly, the findings of guilty are affirmed. The record is returned to the Judge Advocate General of the Navy for remand to the convening authority who may either order a rehearing on sentence or reassess the sentence and disapprove the bad-conduct discharge.

Judge BYRNE and Judge GARVIN concur.

---

1. Under some circumstances an accused could limit his testimony. Thus if he testified on a motion for credit for pretrial confinement and limited his testimony to that issue, he could not be cross-examined on any other matter relating to sentence.